### ENCYCLOPÆDIA BRITANNICA CO. v. WERNER CO. et al.

(Circuit Court, D. New Jersey. September 9, 1909.)

INJUNCTION (§ 226*)—VIOLATION—EXCUSE—AGREEMENT OF PARTIES.

Where an agreement between the parties to a suit in a federal court for the entry of a consent decree for an injunction also contained provisions intended to modify the operation of the decree, and inconsistent with its terms, the court will not impose a fine for violation of the decree as for a civil contempt for the benefit of the other party, when such violation arose from a difference of opinion as to the construction of the agreement.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 478; Dec. Dig. § 226.*]

In Equity. On petition to punish for contempt.

See, also, 138 Fed. 461.

Frederic R. Kellogg and Vroom, Dickinson & Scammell, for petitioner.

George W. Seiber and James & Malcolm G. Buchanan, for respondents.

LANNING, Circuit Judge. This is an unfair trade case. The bill of complaint was filed in 1903 by the Encyclopædia Britannica Company, hereinafter called the Britannica Company, for an injunction to restrain the defendants the Werner Company and the American Newspaper Association from using in their business, or in connection with encyclopædias and books published and sold by them, the words "En-

cyclopædia Britannica" or "Britannica." After answers had been filed by the defendants and the complainant had taken proofs in this country and in Great Britain, the parties consented to the entry of a final decree enjoining the defendants, and their officers and agents, from using the above mentioned words in their business. The Britannica Company now charges by its petition that the Werner Company, Paul E. Werner, its president, Richard M. Werner, its vice president, C. I. Bruner, its treasurer, and H. Kendig, its secretary, have violated the decree. Upon that petition a rule has been allowed requiring the Werner Company and its said officers to show cause why they should not be punished for contempt. The present hearing is on that rule.

The entry of the final decree was preceded by the execution of two agreements. The first of these agreements was dated February 23, 1906, and was executed by the Britannica Company, as party of the first part, the Werner Company, the principal of the two defendants in the suit, as party of the second part, Paul E. Werner, president of the Werner Company, as party of the third part, and Horace E. Hooper and Walter M. Jackson, the principal stockholders of the Britannica Company, as parties of the fourth part. This agreement contained amongst other things the following provisions:

Clause 1: That the Britannica Company would at once dismiss all suits then pending between it, as complainant, and the Werner Company and the American Newspaper Association, defendants, excepting the suit in which this proceeding is now had.

Clause 3: That until March 1, 1908, the Britannica Company would bring no suits or actions at law against the Werner Company on account of the latter company's publication and sale of the new Werner edition of the Encyclopædia Britannica in the United States, as that work was then printed and published by the Werner Company, or interfere with the sale of such work, provided the Werner Company should comply with the conditions of the agreement.

Clause 4, subd. "c": That the Werner Company would at no time prior to March 1, 1908, sell or dispose of any copies or sets of the work then known as the new Werner edition of the Encyclopædia Britannica except by direct contracts with individual subscribers and consumers of the work to be supplied by the Werner Company direct, or by J. A. Hill, the Globe Publishing Company, or the American Newspaper Association; that is to say, that it would not sell any sets of the said work in bulk, either to the trade or agents, or to any other concern whatsoever. In a subsequent part of clause 4 it is also provided that the Werner Company should pay to the Britannica Company as liquidated damages $10 for each set of said work sold in violation of subdivision "c" of clause 4.

Clause 5: That on March 1, 1908, or within a reasonable time thereafter, a final decree and injunction should be entered in this suit.

Clause 7: That upon the entry of the decree and compliance by the Werner Company and Paul E. Werner with their covenants and obligations mentioned in the agreement the Britannica Company would pay to the Werner Company $60,000, and that, after the entry of the decree, the Werner Company should be allowed to sell books, except the prefaces and title pages thereof, printed from any of the sets of plates

then in existence called the "Werner plates," the "Allen plates," and the "Stoddart plates," and to use all the literary matter in the said new Werner edition of the Encyclopædia Britannica as the same was then being printed from said plates, and that the books thus printed should be sold under some name to be mutually agreed upon by the parties to the agreement; and also that, after the entry of the decree, the Werner Company would continue to comply with the obligations of subdivision "c" of clause 4, and with the provisions of clause 4 regarding liquidated damages payable in cases of sales in bulk, except that the restriction as to sales in bulk should apply only to unbound sets, and not to books bound in cloth or leather, and also that any sets or portions of sets of the new Werner edition of the Encyclopædia Britannica which should be returned to the Werner Company by the purchasers after March 1, 1908, might be resold by the Werner Company within six months after March 1, 1908, under the name of "The Werner Edition of the Encyclopædia Britannica," provided that before any such resale notice should be first given to the Britannica Company of the number of sets thus returned, whereupon it should have the first and exclusive right, within 10 days thereafter, to purchase the same from the Werner Company at the manufacturing price thereof.

On December 19, 1907, 2½ months previous to March 1, 1908, it will be observed, the Britannica Company, the Werner Company, and Paul E. Werner executed a second agreement, by which the Werner Company and Paul E. Werner consented to the immediate entry of the decree for injunction. The Britannica Company thereby agreed that it would take no steps to compel the Werner Company to obey the decree before May 1, 1908, nor any steps to punish any violation of the decree committed before May 1, 1908, provided the terms and conditions of the agreement of February 23, 1906, should be in all respects kept and performed by the Werner Company, and provided, also, that the terms of the decree and each of them should be strictly complied with by the Werner Company on and after May 1, 1908.

The decree for injunction was entered on December 20, 1907, with a stipulation of the solicitors of the parties annexed thereto, stating that the facts recited in the decree were in all respects correct, and that the parties each assented to its entry. The decree adjudged that the Britannica Company had established its exclusive right to the use in the United States of the words "Encyclopædia Britannica." and "Britannica" as trade-names designating the origin and ownership of their work known as the Encyclopædia Britannica, and enjoined the Werner Company, its officers, agents, servants, employés, associates, successors, and assigns from using or employing the words "Encyclopædia Britannica" or "Britannica" as the name or style of, or in connection with, any encyclopædias or publications of an encyclopædic nature, or in any circulars or other literature relating thereto, and from publishing or selling, through agents or otherwise, any encyclopædia, books, or publications, bearing thereon the name "Encyclopædia Britannica" or "Britannica," or any colorable alteration or simulation thereof, etc.

It thus appears that the operative effect of the decree of the court was suspended and materially modified by the parties by private agreements between them. The record of this proceeding shows that there

were differences of opinion between the parties as to the meaning and effect of several of the provisions of the agreements. The language of the decree is clear. The fact that it was entered by consent did not in any wise impair its authority. If the court had its decree and the acts of the defendants only to consider, its duty would be simple. But the Britannica Company now asks the court to punish the Werner Company and its officers, not for their disobedience of the decree as it was pronounced by the court, but for their failure to observe the decree in the manner privately agreed on by the parties to the suit. In other words, the court is asked to punish by fine or imprisonment certain parties who, the Britannica Company says, have not kept their agreements with it. Instead of asking for a decree embodying the provisions of the agreements, the Britannica Company obtained from the court a consent decree which by its terms was immediately operative, but which by a private understanding between the parties was not to become operative until some future time. The decrees of courts cannot be modified by agreements between suitors. The proofs before me show that the acts of the Werner Company and its officers were plainly violative of the terms of the decree. But, while the decrees of courts cannot ordinarily be violated with impunity, the same proofs also show that the violation in this case was the result, not of a spirit of disregard for the authority of this court, but of differences of opinion between the parties as to the proper construction of their agreements. For example, there are disputes as to whether the agreement of December 19, 1907, extended the period within which the Werner Company might sell certain of its encyclopædias from six months after March 1, 1908, to six months after May 1, 1908, and also as to what were the rights of the Werner Company under the agreements to make sales in bulk and sales of books returned by purchasers. There is not a disputed question in this proceeding that calls for a construction of the language used in the decree. The disputes relate wholly to the meaning of the agreements. The construction of the agreements now contended for by the counsel for the Werner Company may not in all respects be sound, but, even if unsound, I do not find that the Werner Company's officers in the acts complained of intended to contemn the authority of this court, and therefore I do not find in the case any proper basis for treating those acts as a criminal contempt.

The Britannica Company, however, does not ask that the Werner Company or its officers should be held guilty of a criminal contempt. If so adjudged, any fine imposed would go to the United States. Its counsel urge, with much zeal, that, while this is a contempt proceeding, it is not to vindicate a public right or the authority of this court, but that it is in its nature a civil proceeding designed to give satisfaction to an injured party, and that whatever fine may be imposed should be paid to the Britannica Company by way of satisfaction for the damages which it claims it has sustained. Assuming for present purposes that a federal court has jurisdiction of so-called civil contempt proceedings, and that it may impose upon a violator of its decree or its injunction a fine the amount of which shall be equal to the damages sustained from the violation by the party in whose favor a decree or injunction was granted, and that it may also direct that fine to be paid to such party,

the jurisdiction should not be exercised in such a case as this. The very fact that the disputes in this case are based wholly on two private agreements which antedate the decree, and that those agreements are inconsistent with the decree and were intended by the parties to control its operative effect, is sufficient reason for holding that whatever damages the Britannica Company may have sustained by the Werner Company's breach of the agreements should be recovered in an action at law and not in a contempt proceeding.

I conclude, therefore, that the rule to show cause should be discharged and the petition dismissed, with costs. An order to that effect may be prepared by counsel.