## 7307

### STATE *EX REL.* LYON, ATTORNEY-GENERAL, v. CITY CLUB.

1. PLEADINGS.—Holding by trial Court that respondent denied under oath the petition and supporting affidavits, reversed.
2. NUISANCE.—To constitute a nuisance it is only necessary that some part of the public resorts there to drink intoxicants.
3. IBID.—A SOCIAL CLUB whose main purpose is to provide liquors for its members at a special place at a price paid or agreed to be paid, is a nuisance under 25 Stat., 1.
4. IBID.—INJUNCTION.—Under ordinary circumstances it is not proper to enjoin one from committing a nuisance at any place than the one alleged as maintained.

5. IBID.—IBID.—Ordinarily an injunction against a liquor nuisance should issue if the petitioner has made out a case and the place is not abandoned until the eve of the hearing.

Before GAGE, J., Richland, October, 1908.    Reversed.

Proceeding to abate a nuisance by the Attorney General against City Club, Jeff DeLay and Maynard Spigener. From order refusing injunction, petitioner appeals.

*Attorney General J. Fraser Lyon,* for appellant.    Oral argument.

*Mr. G. Duncan Bellinger,* contra, cites: *Complaint shows no nuisance to exist at time of filing:* 22 La. Ann., 89; 1 Bish, Cr. L., secs. 505, 1113; 72 N. H., 476; Acts 1907, 473.    *General injunction should not be granted:* 17 Ency., 322; 109 Ia., 101; 101 Ia., 270.    *Injunction should not issue after nuisance discontinued:* 3 Ohio St., 475.

October 7, 1909.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.    This proceeding was commenced in the Common Pleas for Richland county for an injunction against respondents to restrain the maintenance of a liquor nuisance in the city of Columbia, and to enjoin the City Club and Jeff DeLay from selling or dispensing alcoholic liquors and beverages.    A rule to show cause was issued and a temporary restraining order was granted.

Upon the hearing Judge Gage made order refusing to grant permanent injunction, from which the State appeals.

Respondent, Spigener, owner of the premises, made return and satisfied the Court that he had no knowledge of the alleged nuisance, and the rule as to him was discharged. The appellant makes no exception to the order in this respect.

The City Club made no appearance, answer or return. It appears that the City Club is an organization, called a

social club, and that respondent, DeLay, and others are members, and that DeLay was manager, but it nowhere appears what is the object of the club, except in the matter of keeping a place where alcoholic liquors are sold to or distributed among its members. It appears that the club room, on the second floor of No. 1329 Main street, is equipped with counter, sideboard, chairs, ice box, whiskey glasses, beer glasses, and other furniture usually found in places kept as resorts where alcoholic liquors and beverages are sold and drunk. DeLay testified that he was not the owner of the club, but was employed to keep the same, at a salary of $25 per month, and that he had no interest in the profits on the liquors; that he, DeLay, procured a revenue license, issued in the name of the club, from the United States Revenue Department; that alcoholic liquors and beverages were kept by the club, and that beer was kept on ice; that they had in the club room chairs, bottles and a "bar," and that persons came to the club for the purpose of drinking alcoholic liquors, and that they served the members only; that among other purposes (not stated), for which members of the club resorted to the club room, they resorted there to drink alcoholic liquors.

The method of serving members seems to be quite expeditious. On entering the club room, according to the affidavit of J. R. Haynes, an application for membership may be signed on the counter, the member recommended on the spot, application granted without any membership fee, and immediately thereafter the applicant calls for the alcoholic beverage he wants, drinks it, and pays the price. That profits were made on the liquors is not denied; it is only denied that DeLay had any interest in the profits. Moreover, DeLay, in his return, does not deny the allegation of the petition that alcoholic liquors were sold at said place, and that the premises were kept as a place where people are permitted to resort for the purpose of drinking such liquors.

His denial is very guarded, and is in this language:

3. "That he has never, knowingly, handled *whiskey* in violation of law, but while manager, as aforesaid, dealt solely with the members of the club in serving *refreshments* in the club room.

4. "That so much of the affidavits as states the defendant sold any *whiskey* at any time to J. R. Haynes, or W. H. Wolfe, is utterly untrue, and this deponent solemnly denies the same without qualification."

The Circuit Court was in error in holding that DeLay denied, under oath, the allegations of the petition and supporting affidavits. The petition alleged sale of *alcoholic liquors,* and the affidavits also stated that "beer" was sold, whereas the denial was only as to the alleged sale of *whiskey.* When the word "beer" is used, without any qualifying term, the Court takes notice that "beer" is a malt liquor, containing sufficient alcohol to produce intoxication.

Hence DeLay's denial, in his return, was far from denying the allegation of the petition. The first and second exceptions to this holding must, therefore, be sustained.

The Circuit Court also held that "unless the public, or a considerable portion of it, is admitted and enticed to these resorts to drink, the places would hardly be deemed nuisances;" and the third exception alleges error. This exception is well taken. To constitute a nuisance under the statute it is not essential that the public, or even a considerable portion of it, be admitted or enticed there to drink intoxicants. It is sufficient if some "persons" are permitted to resort there for such purpose, and it appears that quite a number of persons did resort thither to drink intoxicants.

The Circuit Court further held that the testimony was not sufficient to satisfy the Court that DeLay and his associates were keeping such a place as is outlawed by the statute.

We have already mentioned the main facts, as shown by the testimony, and we are bound to hold that the conclusion of the Court is erroneous.

Whether under the law, previous to the Act of February 16, 1907, a chartered club of limited membership, *bona fide* organized for social purposes, and with no intent of evading the law, purchasing intoxicating liquors with its funds and distributing them among such of its members as wished, without idea of profit, and at a price intended merely to reimburse the club for its outlay from the common fund, would be guilty of a *sale* of such liquors, is not the question before us. See *Columbia Club* v. *McMaster,* 35 S. C., 1, 14 S. E., 290; and *South Shore County Club* v. *Illinois,* 81 N. E. Rep., 805 (reported in 12 L. R. A. [N. S.], 519), with numerous citations in the case note.

All the authorities agree that when the club is a mere device to evade the law against the sale of liquors, and its real or main purpose is to provide liquors for its members, and such liquors are delivered at a price paid, or agreed to be paid, there is a sale.

There is hardly room to doubt the the City Club is an association within the last named class; that the distribution of such liquors among its members by the City Club and DeLay, its manager, constituted sales within the prohibition of the statute, and that its club room, at 1329 Main street, Columbia, S. C., was a place where persons were permitted to resort for the purpose of drinking alcoholic liquors, during the period covered by the petition. Sec. 29 of the Act of February 19, 1907, 25 Stat., 1, declares: "All places where persons are permitted to resort for the purpose of drinking alcoholic liquors, or beverages, are hereby declared nuisances, and the keeper or manager of such places, upon conviction, shall be punished as provided in section 12 of this act." Sec. 30 declares: "Every person who shall, directly or indirectly, keep or maintain, by himself or by

associating or combining with others, or who shall in any manner aid, assist or abet in keeping or maintaining any club room, or other place in which any alcoholic liquors or beverages are received or kept for unlawful use, barter or sale as a beverage, or for distribution or division among the members of any club or association by any means whatever, and every person who shall receive, barter, sell, assist or abet another in receiving, bartering or selling, any alcoholic liquors or beverages so received or kept, shall be guilty of a misdemeanor, etc." Sec. 31 declares: "It shall be unlawful for any club, company, association or corporation, or any chartered company now in existence, or hereafter to be incorporated for social, literary, or other purposes, within this State, to buy, sell, keep for sale, exchange, barter, any liquor, wine, beer, bitters, or other intoxicating spirits, for any purpose whatever, either to members or other persons; and any member or members knowingly belonging to any club, company, association or corporation, which receives and dispenses intoxicating spirits contrary to the provisions of this section, shall be guilty of a misdemeanor, etc."

It is manifest from this legislation that respondents, City Club and DeLay, upon the testimony, maintained a nuisance, as alleged in the petition. The equitable jurisdiction of the Court to enjoin a public nuisance is not affected by the fact that a criminal prosecution may also be instituted for the acts which constitute the nuisance.

Respondent's counsel, while conceding that one may be enjoined from maintaining a nuisance at a particular place, contends that he may not be enjoined from selling liquor independently of the place where the nuisance exists. 4 There is authority for such position, and we are disposed to take this view as a general rule. 17 Enc. Law, 322; *Clark* v. *Riddle,* 101 Iowa, 270; *State* v. *Frahm,* 109 Iowa, 101, cited in the note.

Hence it was not error to decline to issue a blanket in-

junction against respondents to restrain the selling of alcoholic liquors within the state.

Possibly circumstances may be such as would justify the Court in enlarging the sphere of its injunction, as where the Court has reason to believe the offender, after injunction, will shift his nuisance to another place, so as to render the injunction practically useless. · The Court might prefer not to chase the offender from place to place, but might head him off by a broader restraining order.

Appellant further contends that the Court erred in holding that the place of the alleged nuisance was abandoned at the hearing, and there was nothing to enjoin. It appears that after the service of the order to show cause, October 14, 1908, and before the final hearing, November 17, 1908, the City Club moved out of the building mentioned in the preliminary order, and ceased to do business there. The hearing was begun October 19, 1908, when the rule was made returnable. Peter Grites made affidavit, dated October 19, 1908, that the club was moving out that day. There was good reason to believe that the nuisance continued up to the day on which the hearing commenced.

It is essential to an injunction to restrain a nuisance that the nuisance should exist at the filing of the petition, but it is not essential that the nuisance should continue up to the final hearing. The abandonment of a nuisance in good faith before the final hearing should have weight with the Court in the exercise of its discretion; but the mere moving to other quarters, after a preliminary restraining order and on the eve of a final hearing, with nothing to show a complete and *bona fide* abandonment of the design to violate the law, is not sufficient to stay injunction. 17 Ency. Law, and cases cited in note 4.

Ordinarily injunction against a liquor nuisance should issue, if the petitioner has made out a case, and the alleged abandonment does not take place until the eve of a hearing.

The judgment of the Circuit Court is reversed and the case remanded for further proceedings, in accordance with the views herein announced.