## RAMSAY *v.* RAMSAY.

[88 South. 280, No. 21673.]

1. CONTEMPT. *Witnesses. Rights of defendant in contempt proceedings stated.*

In a proceeding for contempt prosecuted for the purpose of punishing an alleged contemner for disobeying an order or decree of the court, he is entitled to be informed by the petition, motion, or information by which the proceeding was begun of the nature and cause of the accusation, cannot be compelled to testify against himself, and should be presumed innocent until proved guilty beyond a reasonable doubt.

2. CONTEMPT. *Punitive sentence for disobedience improper in proceedings to compel obedience.*

A punitive sentence appropriate only in a proceeding to punish for disobedience of an order or decree of the court cannot be imposed in a proceeding prosecuted to compel obedience to an order or decree made to enforce the rights of a party to the suit.

3. CONTEMPT. *Punitive sentence may be imposed only after opportunity to defend.*

A punitive sentence in a proceeding for contempt can be imposed only after the contemner has been given an opportunity to appear and defend his alleged disobedience of an order or decree of the court.

On suggestion of error.   Sustained.
For former opinion, see 87 So. 491.

SMITH, C. J., delivered the opinion of the court.

The appellant suggests and we are of the opinion that we erred in not setting aside the fifty dollar fine imposed on the appellant by the court below.

"Proceedings for contempt are of two classes:   (1) Those prosecuted to preserve the power and vindicate the dignity of the court, and to punish for disobedience of its orders; and   (2) those instituted to preserve and to enforce the rights of private parties to suits, and to compel obedience to orders and decrees made to enforce the rights and to administer the remedies to which the court has found them to be entitled." 13 C. J. 57.

In the first of these classes the punishment is for a past offense, and when imposed must be suffered in the absence of executive clemency.   In the second the contemner "can end sentence and discharge himself at any moment by doing what he had previously refused to do." *Gompers* v. *Buck's Stove & R. Co.,* 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874.

The first class is *quasi*-criminal, and a defendant therein should be informed of the nature and cause of the accusation (*Grace* v. *State,* 108 Miss. 767, 67 So. 212), cannot be compelled to testify against himself, and should be presumed innocent until proved guilty beyond a reasonable doubt (*Gompers* v. *Buck's Stove & R. Co., supra*).   Placing on one side the question of the propriety of combining the two classes of contempts in one proceeding, the case at bar comes solely within the second of these classes, for the petition by which it was begun contains no allegations set-

ting forth special elements of contumacy on the part of the appellant; consequently his refusal to pay the alimony must be treated as being rather in resistance to the appellee than in contempt of the court. *Gompers* v. *Buck's Stove & R. Co., supra.* Moreover, the petition contains no prayer for the punishment of the appellant, but simply that he be coerced into the payment of the alimony.

The distinction between the two classes of proceedings for contempt was not called to our attention on the former hearing, was overlooked by us when considering the judgment to be rendered, and the cause was then decided in accordance with the rules governing proceedings for contempts of the second class.

The fine cannot be sustained on the ground that it was imposed for the purpose of coercing the appellant into paying the alimony as the future installments thereof become due, and not as a punishment for a past offense; for the appellant is entitled to be heard in defense of his failure to pay the alimony each time he is charged therewith before being fined or imprisoned either as a punishment therefor or in order to coerce him into paying the alimony.

The decree hereinbefore rendered by this court and also that rendered in the court below will be set aside, and a decree will be entered here in accordance with that rendered in the court below, with the omission of the fifty dollar fine and the provisions thereof omitted in our former decree.

*Suggestion of error sustained.*