STATE ex rel. RICE, ATTY. GEN., v. TERRY et al.

(Division A.  Feb. 20, 1933.)

[146 So. 140.  No. 30400.]

Herbert Nunnery, Assistant Attorney-General, and John W. Savage, of Gulfport, for appellant.

H. H. Evans and W. English Lindsey, both of Gulfport, for appellees.

Briefs of counsel not found.

McGowen, J., delivered the opinion of the court.

In virtue of chapter 116, article 2, Code 1930 (section 4785 et seq.), as amended by chapter 93, Laws 1932, the attorney general filed his bill in the chancery court of Harrison county against Henry Terry and others, alleging that the defendants in the court below were engaged in the business of selling gasoline, subject to an excise tax, as provided by the above statute, and praying for an accounting, for a writ of injunction against their continuing in the business of selling gasoline, and also for a writ of sequestration seizing the stock on hand. Accompanying the bill was an affidavit of the representative of the attorney general for a writ of sequestration. The writ of injunction was issued as prayed for, and apparently the writ of sequestration was likewise issued, as there appears a sheriff's inventory of gasoline and oil.

Subsequent to the issuance of the writ of injunction, the defendants in the court below answered denying liability, and thereupon moved to dissolve the injunction. Upon that hearing, on the 7th day of May, 1932, the chancellor dissolved the temporary injunction upon the following conditions: "That the defendants, Henry Terry and Raymont Terry, enter into a good and solvent bond payable to the state of Mississippi in the sum of five hundred dollars for the accounting of any and all stock of goods now on hand in the warehouse of the Fishermen and

Farmers Tax Free Co-operative Association at Biloxi, Mississippi, and that said bond shall be liable for an accounting of any and all excise tax and penalties on gasoline which may be handled by them between now and the hearing of this cause on its merits." The chancellor further ordered the sheriff to file an inventory of the stock of goods.

On May 28, 1932, the court entered a decree adjudging that since December 1, 1931, the defendants were liable to the state for the excise tax on gasoline sold, and the statutory penalty of twenty-five per cent thereof, the aggregate sum due being eight thousand seven hundred thirty-six dollars and six cents, and reinstated the injunction restraining the defendants from further operation of the business of selling gasoline as wholesale dealers in the state, and entered this order: "It is further ordered and decreed that the bond posted herein by defendants incident upon the temporary dissolution of the injunction in vacation be and the same is hereby cancelled, and the sureties thereon discharged."

Both parties seemed to have been perfectly satisfied with the decree, except the attorney general appealed on the single point that the court below erred in cancelling the bond, the bond having been executed promptly in accordance with the order of the court dissolving the injunction.

In the trial of the case it was agreed that the association had received one hundred thirty-one thousand gallons of gasoline since December 1, 1931, and it was further agreed that the defendants had received six thousand six hundred gallons of gasoline since the order entered by the court temporarily dissolving the injunction and requiring them to put up a bond of five hundred dollars. The chancellor evidently found liability in the fact that the gasoline had been handled in this state contrary to law, without a permit from the auditor, and without an excise tax having been paid thereon. The statute does not authorize the impounding of fuel oil, such as gaso-

line, kerosene, etc., upon complaint of the proper officials in the instant case, but sequestration was sought and granted under section 409 of the Code of 1930.

. The attorney general appeals here and complains only of the order of the court canceling the bond for five hundred dollars. It will be noted that the bond provided for the accounting to the state of all gasoline handled, and it is clear that the defendants, by virtue of this bond, were allowed to continue their business from the date of the dissolution of the injunction until the date of the final hearing, and that in the meantime they acquired six thousand six hundred additional gallons of gasoline.

We are not advised upon what theory the court below canceled the bond. If any liability accrued under the bond it continues, and we are not called upon to decide just what liability now exists. The bond served the purpose to release the property to the defendants; and by it they obtained and availed themselves of the right to continue their business, which now appears, by the final decree, to have been in violation of the law.

It is insisted by the defendants in the lower court that the chancellor on dissolution of the injunction was not authorized to require a bond. In this contention they ignore that part of the bond which required them to account for the stock on hand, which would be quite sufficient to establish the legality of the bond. Whether the chancellor had the power, under our statutes and practice, and under the particular statute referred to, to require a bond as a condition precedent to the dissolution of the injunction, we need not decide. We will only say that it is elementary law that one may not avail himself of a decree of the court and secure to himself valuable rights thereunder, and then repudiate it. So far as any liability exists, and for all liability which exists under its terms, the bond remains in full force and effect, and the principal and surety thereon continue to be bound by its terms. The defendants could not secure the release to them of their property and the dissolution of

the injunction so they could continue their business, and then in a court of equity repudiate the bond.

To the extent that the bond was canceled, and no further, the decree of the court below is set aside, and the cause is reversed, and a decree will be entered here for the appellant, the attorney general representing the state, setting aside the cancellation of the bond, leaving the balance of the decree in full force and effect.

Reversed and decree here for appellant.