HANNA *v.* STATE *ex rel.* RICE.

(Division A.  March 12, 1934.)

[153 So. 371.  No. 31034.]

Ross R. Barnett, of Jackson, for appellant.

**E. R. Holmes, Jr.**, special agent, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a decree in a contempt proceeding wherein the appellant is charged with having disobeyed a writ of injunction. The attorney-general filed a bill of complaint against the appellant and another under chapter 93, Laws of 1932, alleging, in substance, that the defendants, who were engaged in business as wholesale dealers and distributors of gasoline under a permit therefor, had violated the permit, in that they had failed to pay taxes on gasoline sold; prayed ''for a writ of injunction to restrain the defendants herein from doing business as a distributor or wholesale dealer in gasoline in the state of Mississippi, and that upon final hearing hereof a decree be entered declaring the said defendants forfeit all rights to do business in the state of Mississippi as a distributor or wholesale dealer of gasoline for a period of five years,'' and for a judgment for the amount of taxes alleged to be due, together with the statutory penalty for .failure to pay the ame.

The bill was sworn to by a statutory special agent of the attorney-general, and set forth that ''the matters and things set forth in the foregoing bill of complaint are true and correct as therein stated to the best of affiant's belief and knowledge.'' A fiat was granted, directing that the ''injunction issue as prayed for in the original bill an-

nexed hereto, commanding and enjoining the said defendants, C. B. Hanna and L. L. Mabry, from doing business as a distributor or wholesale dealer in gasoline, and enjoining the said defendants from selling, or in any way disposing of any gasoline he now has on hand until the excise tax due by the defendants to the state of Mississippi, and penalties thereon, be paid in full, and until said defendants shall have secured a permit to do such business as required by law." The writ issued on this fiat followed its provisions.

The original of the writ, and the sheriff's return thereon, were lost, but counsel for the complainant and defendants agreed in writing as to.the contents of the writ, "and that the same was delivered to the sheriff of Madison county, Mississippi, and was properly and personally served on the defendants, C. B. Hanna and L. L. Mabry."

In due course a decree pro confesso was rendered on this bill of complaint, but the record does not disclose that any final decree has been rendered. Several days after the rendition of the decree pro confesso a petition for leave to file an information against the defendants to the bill of complaint was filed by the attorney-general, which embodied the information desired to be filed, and which, after setting forth the filing of the bill of complaint, the issuance of the injunction, the service thereof on the defendants continued, in substance, as follows: Shortly after the filing of the bill of complaint an order was made by the court at the joint request of the attorney-general and the defendants for the sale of the gasoline by the sheriff at public auction, which order was afterwards set aside on the joint application of the attorney-general and the defendants. Thereafter a written agreement was entered into between the attorney-general and the defendants, one of the stipulations of which is as follows: "That the said C. B. Hanna and L. L. Mabry, trading as Hanna and Mabry, with the consent

and approval of P. R. Williamson, sheriff of Madison county, Mississippi, may sell at private sale, in whole or in part, the gasoline now stored in their tanks at Canton, Mississippi, at a price not less than ten cents (10c) per gallon and that the proceeds of such sale shall be paid to the said P. R. Williamson, sheriff, and held by him to be applied on any indebtedness adjudged to be due the state of Mississippi on account of excise taxes claimed in the suit filed by the state of Mississippi on the relation of the attorney-general v. C. B. Hanna and L. L. Mabry, trading as Hanna and Mabry, in the chancery court of Madison county, Mississippi, and numbered ——— on the general docket of that court, and that such disposition of said gasoline and dealings therewith, shall not be construed as a violation of the injunction issued in said cause, provided an accurate accounting and proceeds of such sale is promptly made to the aforesaid sheriff, when such sales are made, failure to comply or turn over such proceeds to the sheriff leaves the aforesaid injunction in full force and effect.'' The appellant then proceeded to sell gasoline at retail, but has failed to pay over the proceeds thereof to the sheriff.

The prayer of the information, leave to file which was requested, is that the defendants ''be required to appear before this court to show cause why they should not be punished according to law for violation of said injunction.'' On the order of the chancellor a citation was issued, returnable before him in vacation on May 27, 1933, on which day the parties appeared before the chancellor and the following proceedings were had: No leave to file the requested information was given, but the case was proceeded with on the theory that the request therefor itself constituted the information, and will be hereinafter so dealt with. The appellant and Mabry filed a demurrer to the information, which, on motion of the attorney-general, was stricken from the files, whereupon they filed a

motion to quash the writ of injunction, which was also overruled. The attorney-general then, with leave of the court, amended the information by striking therefrom all reference to the agreement for the sale of the gasoline. The appellant, over his objection, was introduced by the attorney-general as a witness, and was forced to disclose that he had sold gasoline after service on him of the writ of injunction, and that he had not turned over the proceeds of the sales to the sheriff. The appellant then introduced in evidence, among other things, the agreement for the sale of the gasoline, and gave as an excuse for not turning over the proceeds thereof to the sheriff that most of the sales were made on credit, and that collections therefor had not been made.

The decree dismisses the proceeding as to Mabry, adjudges the appellant to have violated the injunction, to be thereby in contempt of court, and remanded him to the custody of the sheriff to be by him kept in jail until he (the appellant) should purge himself of the contempt by paying into court two hundred seventy-nine dollars, for which the court found he had sold gasoline pursuant to his agreement with the attorney-general.

The appellant's contentions are:

1. The chancellor was without power to hear and determine this matter in vacation.

2. The writ of injunction was not served on him.

3. The bill omits two essential allegations.

4. The fiat for the injunction should not have been granted on a bill sworn to on information and belief.

5. The injunction is void, for the reason that it is broader than the statute permits, and for which the bill prays.

6. He should not have been forced over his objection to testify against himself.

7. He should have been acquitted because of the attorney-general's agreement for the sale of the gasoline.

8. The decree of the court is not of the character that could be rendered in this proceeding.

1. Section 367, Code of 1930, provides that the judge or chancellor granting a writ of injunction may punish in vacation for violations thereof by fine or imprisonment, or both. The appellant seems to say that, while this section authorizes an order in vacation for the punishment of a defendant in a proceeding to "vindicate the dignity of the court, and to punish for disobedience of its orders," it does not authorize such an order "to preserve and enforce the rights of private parties to suits." It will not be necessary for us to decide this question, for, as will hereinafter appear, this proceeding is for the first of these purposes.

2. The absence of the writ of injunction, with the sheriff's return thereon, from the record is of no consequence, for the agreement of counsel discloses that the writ was served on the appellant.

3. Section 5, chapter 93, Laws of 1932, provides: "Said permit shall be revocable at any time upon ten days' notice, if said distributor or wholesale dealer shall fail to comply with all provisions of this act, and to pay all excise taxes and penalties due within the time provided by law."

The original bill of complaint alleges that: "The auditor gave notice to the defendants herein that by virtue of their default and refusal to pay said excise tax that their permit to operate as a wholesale dealer in gasoline in the state of Mississippi was revoked. Notwithstanding this notice, your defendants continued to operate as wholesale distributors of gasoline in said county and state . . . That, as aforesaid, notwithstanding the notice as required by law given to the defendants herein of the revocation of their permit they ignored and continued to ignore same and continued to operate as a distributor and wholesale dealer in gasoline in the state of Mississippi."

The appellant says that the bill should have alleged that he was given ten days' notice of the auditor's intention to revoke his license. If the allegation of the bill in this connection is defective, it could have been amended on objection thereto, and is sufficient to support a decree pro confesso, and consequently the writ of injunction issued thereon. The appellant says also that the bill should have alleged that without the injunction the state would suffer irreparable injury. Section 5 of chapter 93, Laws of 1932, provides that: "It shall be the duty of the attorney-general, when he shall have received notice from the author or other person, that any person is engaging in such business, without a permit to proceed by injunction or otherwise, to prevent the continuance of said business, and an injunction enjoying (evidently a clerical error and should be enjoining) the continuance of such business of said distributor, or wholesaler, shall be granted without notice, by any judge or chancellor now authorized to grant injunctions." Injury vel non to the state by the continuance of the person enjoined from selling or distributing gasoline is of no consequence under this statute. Its purpose is not to impound the gasoline for the protection of the state in collecting privilege taxes due by its owner, State v. Terry (Miss.), 146 So. 140, but to prevent the owner of the gasoline from continuing to sell and distribute it without a permit so to do.

But, aside from that, there can be no merit in these two contentions, for the reason that, if a writ of injunction is erroneously or improvidently granted, it must be obeyed until dissolved. Griffith's Chancery Practice, sec. 450; Lewis v. Miller, 13 Smedes & M. 110; unless the writ is void. Griffith op. cit., Castleman v. State, 94 Miss. 609, 47 So. 647.

4. Section 415, Code of 1930, does not require that an injunction be granted only on a sworn bill of complaint;

its requirement is that "the judge or chancellor shall be satisfied of the complainant's equity and of the truth of the allegations of the bill, by oath or other means." The oath or other means by which the judge or chancellor is satisfied of the complainant's equity, etc., when granting a preliminary injunction, need not appear of record. State v. Marshall, 100 Miss. 626, 56 So. 792, Ann. Cas. 1914A, 434; Purvis v. Woodward, 78 Miss. 922, 29 So. 917. The other means set forth in the second of these cases are suggestive only. It will not be necessary for us to decide whether oath, "to the best of affiant's belief and knowledge," is sufficient for the granting of a preliminary injunction, for the judge who granted this writ, for aught that appears to the contrary, may have been satisfied by other means of the complainant's equity, etc.

5. Section 5, chapter 93, Laws of 1932, authorizes the issuance of an injunction to prevent the continuance of the business of selling and distributing gasoline, and the prayer of the bill of complaint was, in substance, to that effect. If the command of the writ is broader than the statute and the prayer of the bill of complaint, as to which we express no opinion, the writ is not thereby rendered entirely void, but remains good as to that portion of it which prohibits the doing of the things forbidden by the statute, i. e., selling and distributing gasoline.

6. As set forth in Ramsay v. Ramsay, 125 Miss. 715, 88 So. 280, 287: " 'Proceedings for contempt are of two classes: (1) Those prosecuted to preserve the power and vindicate the dignity of the court, and to punish for disobedience of its orders; and (2) those instituted to preserve and to enforce the rights of private parties to suits, and to compel obedience to orders and decrees made to enforce the rights and to administer the remedies to which the court has found them to be entitled.' 13 C. J.

57. In the first of these classes the punishment is for a past offense, and when imposed must be suffered in the absence of executive clemency. In the second the contemner 'can end sentence and discharge himself at any moment by doing what he had previously refused to do.' Gompers v. Buck's Stove & R. Co., 221 U. S. 418, 31 S. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874.''

This proceeding is clearly of the first of these classes, for the prayer of the information simply is that the defendants to the bill of complaint ''be punished according to law for violation of said injunction.'' The appellant, therefore, as expressly held in Ramsay v. Ramsay, supra, should not have been compelled to testify against himself.

7. When an injunction is violated pursuant to a stipulation therefor by the complainant, for whose benefit the injunction was issued, he waives any right to complain thereat. 13 C. J. 44; 32 C. J. 493 and 500; 2 High on Injunctions (4 Ed.), sec. 1437; 1 Beach on Injunctions, sec. 266; 1 Joyce on Injunctions, sec. 266; 2 Daniels Chancery Practice (5 Ed.), p. 1611; Mill v. Cobby, 1 Meriv. 3; Howard v. Durand, 36 Ga. 346, 91 Am. Dec. 767; Hull v. Harris, 45 Conn. 544; Encyclopædia Britannica Co. v. Werner Co. (C. C.), 172 F. 1012; Note to Ex parte Cash, 9 L. R. A. (N. S.) 304. It would seem also that no disrespect for the court should be predicated on the violation of an injunction, in accordance with a stipulation by the complainant therefor, where the stipulation was such as the complainant had the right to make. This case, however, does not come within that rule for two reasons:

A. The agreement stipulated: (1) That it should be subject to the approval of the sheriff, and (2) that the appellant should pay over to the sheriff the proceeds of sales of gasoline made thereunder. The evidence does not disclose that the sheriff approved this agreement, and no reason is given why his approval was not obtained. The agreement, therefore, never became effective. The

second of these stipulations provides for the doing of that from which the appellant was enjoined—the selling of the gasoline—and requires him after selling it to pay the proceeds of the sales to the sheriff. It is the breach of this clause of the agreement of which the attorney-general complains, and is here attempting to enforce. This agreement for the sale of the gasoline, as will immediately hereinafter appear, was void, and we will therefore leave it out of view. If it were valid, an interesting question would arise relative thereto, as will appear from an examination of Howard v. Durand and Encyclopædia Britannica Co. v. Werner Co. supra.

B. The second of these reasons is more fundamental than the failure of the appellant to obtain the approval of the sheriff to the agreement for the sale of the gasoline. The statute expressly prohibits the sale and distribution of gasoline without a permit from the auditor so to do. Section 6, chapter 334, Laws of 1932, makes such sales misdemeanors, and no statute authorizes the attorney-general, or any one else, to agree that gasoline may be sold without a permit from the auditor so to do. As hereinbefore pointed out, the purpose of the statute is not to impound the gasoline so that it may be subjected to the payment of any judgment or decree obtained for the non-payment of privilege taxes due on sales theretofore made by the owner thereof, but to absolutely prohibit the selling and distribution of gasoline without a permit so to do. The attorney-general's agreement was competent in mitigation of the appellant's conduct in violating the injunction, but is not a justification therefor.

8. The only judgment or decree which the chancellor was authorized to here render was one of fine or imprisonment, or both, for the past conduct of the appellant in violating the injunction. Ramsay v. Ramsay, supra.

Reversed and remanded.