## LITTLE *v.* STATE.

No. 39553          March 16, 1955          78 So. 2d 578

*Howard R. Pigford, Wm. J. Gunn, Jr.,* Meridian, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

ARRINGTON, J.

The Chancery Court of Neshoba County adjudged appellant, Mrs. Hattie May Hoyt Little, guilty of contempt of court by the violation of the court's decree enjoining her from the possession and sale of intoxicating liquor on certain described premises, and she was fined $1,000, sentenced to serve a term of six months in the county jail, and her bond in the sum of $500 was ordered forfeited.

On May 27, 1952, under Section 2646, Mississippi Code of 1942, appellant was enjoined by the Chancery Court of Neshoba County from violating the intoxicating liquor statutes of the State of Mississippi on the premises described in the decree. It was further ordered that she enter into bond in the sum of $500, conditioned that she would not violate the prohibition laws of the State of Mississippi for two years. The decree also contained other provisions not involved in this proceeding. On November 9, 1953, a petition for citation was filed against appellant, averring that she had violated the injunction decree on two occasions, September 26, 1953, and October 28, 1953, and praying that she be adjudged and punished for contempt.

On this appeal appellant argues that the evidence presented in support of the petition praying that she be cited for contempt failed to show beyond a reasonable doubt that she violated the injunction decree of the Chancery Court of Neshoba County.

The only proof offered by petitioners tending to support the averments in the petition that appellant had violated the prohibition laws of the State of Mississippi consisted of the following: On the 26th day of September, 1953, the Sheriff of Neshoba County, accompanied by a deputy and a constable, searched the premises described in the injunction, under authority of a lawful search warrant, and found the appellant in possession thereof, smelled what they believed to be the odor of

whiskey, and surmised that whiskey had been poured into a tub containing water and ice in which beer was cooling. The officers saw no one pour anything in the tub, and no jug, jar, or bottle was found, despite a thorough search, from which whiskey could have been poured. On October 28, 1953, the officers again raided appellant's premises and conducted a diligent search, and found appellant in possession thereof, again smelled whiskey, and testified that whiskey had been poured into a chamber pot containing other substances not further identified. Once again, the officers saw no one pour anything in the chamber pot, and found no container from which whiskey could have been poured, but surmised that whiskey had been poured into the chamber pot because of the odor.

██ █ From the foregoing summary of petitioners' evidence, it is manifest that proof of the violations of the injunction decree rest upon mere opinion, belief, and conjecture. It is well settled in this jurisdiction that in a proceeding for criminal contempt, the defendant is presumed innocent until proved guilty beyond a reasonable doubt. Rochelle v. State, (Miss. 1954), 75 So. 2d 268; Ramsay v. Ramsay, 125 Miss. 715, 88 So. 280, suggestion of error sustained (1921), 125 Miss. 185, 87 So. 491, 14 A. L. R. 712; Brannon v. State (1947), 202 Miss. 571, 29 So. 2d 916. ██ █ The petitioner's proof in the instant case failed to meet this burden. The mere smelling of what the officers believed to be the odor of whiskey without corroboration of any kind cannot be held to have met this burden. Abundant resources exist whereby the law enforcement officers of the State may determine with a marked degree of certainty the component parts of a suspected and conglomerate mixture of liquids believed to be composed of whiskey and other substances, without relying solely upon the ofttimes fallible human nose where other evidence is lacking.

This is not a case where the liquid found was whiskey or some other intoxicating liquor that could be readily

identified by taste or smell, but where a mixture was found into which it was believed that whiskey had been poured and which the officers believed was composed partly of whiskey.

Reversed and appellant discharged.

All Justices concur, except *Roberds, Lee,* and *Gillespie,* who dissent.

GILLESPIE, J., dissenting.

I concede that the proof of violation of the injunction falls below what is desirable to warrant the penalty for contempt. However, when the case is viewed in the light of all the circumstances, and indulging the presumption of the rightfulness of the chancellor's decree, I would affirm the case.