## 17643

*Ex parte* John STONE, Chief of Police of the City of Chester, S. C., STATE, Respondent, v. James I. LANGLEY and Eula Mae Langley of whom James I. Langley is Appellant.

(113 S. C. (2d) 786)

264

*Charles W. McTeer,* of Chester, *for Appellant,*

*George F. Coleman, Esq., Solicitor,* of Winnsboro, *for Respondent,*

April 13, 1960.

OXNER, Justice.

This action was brought under Sections 4-401 to 4-408, inclusive, of the 1952 Code to enjoin the maintenance of an alleged liquor nuisance. It is here on appeal from an order adjudging appellant, James I. Langley, in contempt for disobedience of a restraining order.

Section 4-402 declares "all places where persons are permitted to resort for the purpose of drinking alcoholic liquors or beverages" to be nuisances and fixes the punishment for keeping or managing such a place. Section 4-403 authorizes a magistrate to issue a warrant for the arrest of any person charged with violation of Section 4-402 and to further issue a warrant for the search of the premises and the seizure of

all alcoholic liquors found together with any vessels and fixtures used in retailing liquors. When the person arrested is brought before the magistrate and bound over to the Court of General Sessions, the solicitor may at once apply to any circuit judge "for an order or injunction restraining the defendants, their servants or agents, from keeping, receiving, bartering, selling or giving away any alcoholic liquors until the further order of the court or perpetually after hearing after notice to the defendant." Section 4-405. Such restraining order may be granted without requiring a bond. Section 4-406 provides for a hearing in the proceedings for contempt and the manner in which it shall be held. The punishment fixed for the violation of a restraining order issued under this statute will be hereinafter discussed.

On August 14, 1959 a petition was filed by the Solicitor of the Sxth Circuit, duly verified by the Chief of Police of Chester, in which it was alleged that Eula Mae Langley and appellant, James I. Langley, were operating a place of business on Walnut Street in the City of Chester, known as the "Teenage Canteen", at which alcoholic liquors were unlawfully sold; that said place of business was a "menace to the community at large" and endangered "the morals and well-being of the young people who constantly frequent the said 'Teenage Canteen' "; and that warrants had been issued charging Eula Mae Langley and James I. Langley with the unlawful selling of alcoholic liquors on August 4 and August 7, 1959. The petitioner asked that the defendants be enjoined from operating the place of business mentioned.

On the foregoing verified petition, the resident Judge of the Sixth Circuit issued an order on August 17, 1959, in which defendants were "temporarily restrained and enjoined from keeping, receiving, bartering, selling or giving away any alcoholic liquors," and they were required to show cause before him on October 10th why such restraining order should not be made permanent. On September 1st defendants filed a demurrer to the petition and an answer. In the latter they admitted that warrants had been issued against

them charging the unlawful sale of liquor on August 4th and again on August 7th but denied that they were guilty of such charges. It was further alleged that the "Teenage Canteen" was owned and operated solely by defendant James I. Langley and that the defendant Eula Mae Langley had no interest therein. They denied that any liquors had been sold at this place of business and alleged that it was lawfully operated. Along with the filing of the demurrer and answer, defendants gave notice that they would move before the Circuit Judge on September 5th for an order sustaining the demurrer and dissolving the restraining order or, in the alternative, for an order clarifying said restraining order. For some reason not disclosed by the record the hearing on this motion was postponed.

On November 20th the Solicitor filed a petition, duly verified by the Chief of Police of the City of Chester, in which it was alleged that at the October, 1959 term of court, the defendants were convicted and sentenced for unlawfully selling alcoholic liquors on August 6th; that after the restraining order was issued they sold alcoholic liquors at said canteen on September 22nd; that on September 27th they had in their possession at said place alcoholic liquors for an unlawful purpose; and on September 26th defendant James I. Langley sold alcoholic liquors at said canteen. Petitioner asked that the defendants be required to show cause why they should not be adjudged in contempt of court for violating the restraining order issued on August 17th, and that said place of business be closed. On this petition the resident Judge of the Sixth Circuit issued an order requiring defendants to show cause before him on December 10, 1959 why they should not be held in contempt of court. In their return defendants alleged that they could not be punished for contempt until the Court had heard and disposed of their demurrer and motion to dismiss the restraining order. They admitted that they had been convicted for selling alcoholic liquors on August 6th, from which they said an appeal was pending, but denied having violated the liquor laws after

the restraining order was issued. They further alleged that said order was null and void because it was too general.

On December 8, 1959 a hearing was had on the demurrer and motion to dismiss, both of which were overruled. The Court also declined to make any clarification of its restraining order.

The contempt proceedings were heard on December 10, 1959. The testimony is not included in the record but it is agreed that it was in sharp conflict as to whether liquor was sold at this canteen after the restraining order was issued. On December 28, 1959 an order was filed discharging the rule as to defendant Eula Mae Langley but finding James I. Langley in contempt of court for disobeying the restraining order. It was ordered that he pay a fine of $200.00 and be imprisoned for a period of six months.

From the order adjudging him in contempt, James I. Langley has appealed. By three exceptions he contends (1) that the restraining order was "invalid and void because it was too general and beyond the powers of the court"; (2) that he could not be held in contempt of court for any act occurring prior to the filing of the order disposing of his demurrer and motion to clarify; and (3) that in any event the punishment should have been imposed under Section 15-231.1 of the 1952 Code and not under Section 4-406.

The statute under which this action was brought was considered by the Court shortly after its enactment in *Ex parte Keeler,* 45 S. C. 537, 23 S. E. 865, 866, 31 L. R. A. 678. It was there held (1) that the Legislature "has the power to declare places where liquor is sold, contrary to law to be common nuisances, and to provide for their abatement"; (2) that the procedure to abate such nuisances may be summary in nature; and (3) that the fact that no provision is made for trial by jury does not render such legislation unconstitutional. In that case the defendant was held in contempt for violating a restraining order issued under this statute and sentenced to pay a fine of $200.00 and

to imprisonment for 90 days. It was further held in *State ex rel. Lyon v. City Club,* 83 S. C. 509, 65 S. E. 730, 732, that "the equitable jurisdiction of the court to enjoin a public nuisance is not affected by the fact that a criminal prosecution may also be instituted for the acts which constitute the nuisance."

Considering first the scope of the restraining order, literally construed it was a general restraint against keeping and selling liquor. A person charged with maintaining such a nuisance "may not be enjoined from selling liquor independently of the place where the nuisance exists." *State ex rel. Lyon v. City Club, supra,* 83 S. C. 509, 65 S. E. 730, 732. The State contends that when the restraining order is considered, as it should be, in connection with the petition, it clearly meant that appellant was only restrained from selling liquor at this canteen. However, the failure of the Circuit Judge to clarify it casts some doubt upon the correctness of this contention. Adopting the construction advanced by appellant that the restraining order was broader than the statute permitted, still it was incumbent upon him to at least obey the valid part until it was set aside or revoked. *State v. Nathans,* 49 S. C. 199, 27 S. E. 52; *Jennings v. Jennings,* 104 S. C. 242, 88 S. E. 527 and 740; *State v. Highsmith,* 105 S. C. 505, 90 S. E. 154; 12 Am. Jur., Contempt, Section 26; 43 C. J. S., injunctions, § 259. In *State v. Nathans, supra,* the Court quoted with approval the following "The disobedience of any order, judgment, or decree of a court having jurisdiction to issue it, is a contempt of that court, however erroneous or improvident the issuing of it may have been. Such order is obligatory until reversed by an appellate court, or until corrected or discharged by the court which made it. But if, in making such order the court was without jurisdiction, disobedience of it is not a contempt." [49 S. C. 199, 27 S. E. 53.]

There can be no doubt here that the Court had jurisdiction of both the subject matter and the parties. *Ex parte Keeler, supra,* 45 S. C. 537, 23 S. E. 865.

The most that can be said is that the order was erroneous in that it was too broad. In *State v. Markuson,* 7 N. D. 155, 73 N. W. 82, an action was commenced to abate a liquor nuisance. A temporary injunction was issued restraining the defendants from using the premises as a place for keeping or selling intoxicating liquors. It was claimed that the injunctional order was broader in scope than was authorized by the statute. The Court held that "An injunctional order in an equity case, *pendente lite,* issued by a court having full equity powers and complete jurisdiction of the subject-matter, must be obeyed while it remains in force, however irregularly or erroneously it may have issued."

In *Liquor Control Commission v. McGillis,* 91 Utah 586, 65 P. (2d) 1136, 1140, the Court enjoined the defendants not only from selling liquor at the place of the alleged nuisance but also from using alcoholic beverages on the premises. It was claimed that since the use of liquor was lawful, the writ of injunction was void as going beyond the jurisdiction of the Court. The Court in holding that the injunction could be enforced so far as it related to the sale of liquor said "The writ of injunction here before us * * * attempted to enjoin the lawful use of alcoholic beverages upon defendants' premises. But it does not follow that the writ for that reason, is wholly bad or fails to support the judgment of contempt. The writ enjoined the selling of alcoholic beverages on said premises, and this it lawfully could do. Defendants are charged, not with having violated the injunction so far as lawful use of such beverages on said premises is concerned, but with selling such beverages thereon in disregard of said writ, an act which is made unlawful by the statute, and it was for that act that they were adjudged guilty of contempt." So in the instant case the order of contempt was based on the sale of liquor at the canteen and not on unlawful conduct elsewhere.

In *Hanna v. State ex rel. Rice,* 169 Miss. 314, 153 So. 371, 374, the Court said: "If the command of the writ is broader than the statute and the prayer of the bill of com-

plaint, as to which we express no opinion, the writ is not thereby rendered entirely void, but remains good as to that portion of it which prohibits the doing of the things forbidden by the statute, * * *."

It is next contended that the order of contempt was erroneously based on violations occurring prior to the hearing of appellant's demurrer and motion to dimiss. But these pleadings did not have the effect of suspending the restraining order. It is argued in appellant's brief that the facts stated in the petition were insufficient to support a restraining order and his demurrer should have been sustained. This contention must be overruled because (1) the Circuit Judge states that at the hearing no mention was made of the demurrer and he considered it as abandoned; (2) this point is not included in the exceptions. It is also said that the decision overuling the demurrer was made orally and never reduced to writing. The order of contempt is not based on an oral order but on the written restraining order of August 17th.

There remains for consideration the exceptions relating to the sentence. It was imposed under Section 4-406 which provides that any person violating the terms of a restraining order issued under the statute shall be punished "by a fine of not less than two hundred dollars nor more than one thousand dollars and by imprisonment not less than ninety days nor more than one year." Appellant says that he should have been sentenced under Section 15-231.1, which reads: "The circuit court may punish by fine or imprisonment, at the discretion of the court, all contempts of authority in any cause or hearing before the same." We do not think the general statute applies. The punishment was properly imposed under Section 4-406. It was under this section that the punishment was imposed for violating the restraining order in *Ex parte Keeler, supra,* 45 S. C. 537, 23 S. E. 865.

Affirmed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.