## Evans *v.* Evans.

(Division B.   Sept. 28, 1942.)

[9 So. (2d) 641.   No. 34963.]

Lee M. Russell, of Jackson, for appellant.

V. D. Rowe and H. T. Holmes, both of Winona, and
A. J. Coleman, of Vaiden, for appellee.

Argued orally by **Lee M. Russell**, for appellant.

**Alexander, J.**, delivered the opinion of the court.

This case involves the right of a chancellor to imprison a party for alleged contempt in failing to make alimony payments as required by a former decree.

This cause was heard on motion by appellee for citation against appellant to show cause why he should not be adjudged in contempt for failure to comply with a former decree of divorce which ordered payment by appellant of solicitor's fee and alimony. The petition alleged ''that the said defendant has not complied with said decree as to said payments to be made by him.'' An allegation that such failure was wilful and contumacious was stricke out by the pleader.

Demurrers to the petition were overruled and although such action is assigned as error we will not, in view of our conclusions, discuss such assignment. The defendant filed answers under oath denying that he had wilfully or contumaciously refused to obey the decree for alimony, and alleging his physical and financial incapacity so to do. A detailed financial statement was made exhibit which showed that defendant owed $457, and average monthly expenses $113.38. The only testimony adduced was that of petitioner, appellee herein, and this disclosed merely the fact of the divorce, the decree for alimony and solicitor's fees, and the substantial failure of appellant to meet the alimony payments. There was no other testimony although petitioner sought to call defendant as an adverse witness. Objection thereto, on the ground that the proceeding was quasi criminal and defendant could not be required to give evidence against himself, was sustained by the court.

In the opinion of the court, made a part of the record, it was held that "the defendant ceased (sic) to give evidence to purge himself of contempt of court and the burden is on him to do this and the court finds that the defendant is in wilful, deliberate and contumaciously (sic) in contempt of this court, and he is committed to jail for sixty days for wilful disobedience of the court's order . . ." In its final decree it was ordered that the defendant be "sentenced to jail in the Second Judicial District of Carroll County, Mississippi, for sixty days from this date for his wilful and contumacious disobedience and disregard of the court's order aforesaid in failing to pay the support money for his child as provided in the decree of the court rendered June 14, 1940." We shall decide only the regularity of this decree for unconditional imprisonment.

Section 367, Code 1930, provides that "the chancellor in vacation . . . shall have power to punish any person for breach of . . . any other order, decree, or process of the court, by fine or imprisonment, or both . . ." Section 741, Code 1930, provides that ". . . if any . . . person refuse to obey or perform any rules, order, or judgment of the court, such court shall have power to fine and imprison such . . . person . . . until the rule, order, or judgment shall be complied with." These two sections provide respectively for criminal and for civil or quasi criminal contempts. Order for imprisonment in the former case is for a past and completed act or omission, is punitory and must be suffered; in the latter case the punishment is coercive and the contemnor may discharge himself by compliance with the terms of the decree violated. The first is to preserve the power and vindicate the dignity of the court; the latter is to compel obedience to its decrees. Ramsay v. Ramsay, 125 Miss. 185, 87 So. 491, 14 A. L. R. 712; Id., 125 Miss. 715, 88 So. 280; Griffith, Chancery Practice, Sec. 666; Amis, Divorce and Separation in Mississippi, Sec. 275, et seq.

Although the court in ruling on the demurrer referred to the action as one involving civil contempt, the petition did not seek future compliance with the decree and the contempt alleged therein was treated throughout as a criminal contempt. There was no attempt to coerce compliance with the decree for alimony by a decree nisi as by fine or imprisonment conditioned upon compliance. Reference to the opinion and decree of the court above quoted shows that the omission was punished as a criminal contempt and for a past offense. Such course is consistent with the court's action in granting the defendant immunity from self-incrimination. So that, conceding the power of the court to imprison for criminal contempt, it remains for us to examine whether the evidence supports the charge and justifies the order of the commitment. As stated, the only evidence adduced was the testimony of appellee as to the mere fact that the alimony had not been paid. Is this sufficient to establish a prima facie case of "wilful, deliberate and contumacious refusal" necessary to criminal contempt? We think not.

Regardless of the rule as to the essentials of a prima facie case in civil contempt, mere proof of failure to pay alimony without more is not sufficient to make a case of proof beyond a reasonable doubt of an intent deliberately and contumaciously to defy the power and dignity of the court justifying imprisonment as for criminal contempt. Not only the procedure but the proof must reasonably conform to practice in criminal cases. Magee v. State, 99 Miss. 83, 54 So. 802; Grace v. State, 108 Miss. 767, 67 So. 212; Ramsay v. Ramsay, supra; Collins v. Collins, 171 Miss. 891, 158 So. 914; Amis, op. cit. supra, Sec. 286A; 12 Am. Jur., Contempt, Sec. 75; 17 C. J. S., Contempt, Sec. 84, subsecs. a, c.

We are of the opinion that under the record here made the punitory sentence was not warranted.

Reversed and remanded.