Fowler *v.* Sutton.

No. 39327            November 1, 1954            75 So. 2d 438

*Chatham & Walker,* Hernando, for appellant.

*Stone & Stone,* Coffeeville, for appellee.

ETHRIDGE, J.

This case is concerned with the adoption of a twelve year old boy, Norman Thomas Frederick. Code of 1942, Sec. 1269. The final decree of the Chancery Court of Yalobusha County adjudicated the adoption of Tommy by his step-father, appellee James M. Sutton, with full rights of inheritance, and changed the boy's name to Thomas Sutton, the same being especially desired by the child. This appeal is by the maternal grandmother °

of the child, his closest blood relative, who also asked for his adoption. Tommy's mother married appellee Sutton in 1948. She was killed in a bus collision in 1950. At the time of the trial in April 1953 Tommy had been living with appellee, his stepfather, since the marriage of his mother and appellee in 1948, for about five years. Tommy's father abandoned him while he was a baby and his whereabouts is unknown, but process by publication was obtained upon him.

██ There was extensive testimony before the learned chancellor. His able opinion and final decree are amply supported by the evidence. We have carefully considered the evidence, and think that under all of the circumstances and facts reflected in the record, including the personal preferences of the boy, the final decree was correct. Appellant, Tommy's maternal grandmother, manifestly is devoted to him and is able to take care of him. But in adoption cases the test is whether the interest and welfare of the child sought to be adopted would be best promoted by the adoption. ██ In other words, the criterion is the best interest of the child. Code of 1942, Sec. 1269; Eggleston v. Landrum, 210 Miss. 645, 50 So. 2d 364, 23 A. L. R. 2d 696 (1950); Cf. Amis, Divorce and Separation in Mississippi (1935), Secs. 211-230.

██ Appellant also complains about the dismissal of her petition to cite appellee for contempt of court, which was submitted along with the issues on adoption. This petition dealt with alleged violations by appellee, who has been Tommy's guardian, of a court decree directing him to let the child visit appellant on Thanksgiving and Christmas of 1952. The court heard all of the evidence on this issue and dismissed the petition. Apparently the trial court concluded that it was not shown that appellee intended to, and did, deliberately and contumaciously defy the power and dignity of the court by refusing to comply with the decree. Evans v. Evans, 193

Miss. 468, 9 So. 2d 641 (1942). The testimony indicates that the boy did not fully complete his visits with appellant because of his own erroneous attitude. It fails to show that appellee attempted to influence him in this respect. The decree on this point also is amply supported by the record.

Affirmed.

*Roberds, P. J.*, and *Lee, Arrington* and *Gillespie, JJ.*, concur.