## LANGFORD *v.* LANGFORD

No. 43588　　　　　　June 7, 1965　　　　176 So. 2d 266

*James S. Gore,* Houston, for appellant.

No counsel for appellee.

ETHRIDGE, P. J.

William Green Langford, appellant, was found guilty by the Chancery Court of Chickasaw County, of criminal contempt, and sentenced to thirty days in jail. Appellee, Mrs. Canzy Lanora Langford, obtained a divorce from appellant in 1961, custody of the children, and a decree of $200 per month for child support for two children and alimony. Appellant was also directed to pay a $500 debt against the home and a $200 conditional sale contract.

In January 1963, appellee filed a petition requesting the court to hold defendant in criminal contempt of court. The petition alleged that defendant was considerably in arrears on the alimony and support payment, and had made no real attempt to obey the decree, that the court should require him to stand committed to jail until these obligations were paid. The essential purpose of the petition was to require defendant to pay alimony and child support. He answered, admitting the arrearage, but denying that he had willfully and maliciously failed to comply with the decree, asserting that, although he had been employed during the interim period, except for three months, he had married again, had another child, and was earning only $380 per month; that he had had numerous expenses and debts, and had been wholly unable to comply fully with the decree.

At the time of hearing, appellee had only one child living with her. Appellant had not applied for a reduction of child support. However, his testimony reflects that he made a number of the payments, and manifestly had considerable difficulty in doing so. The chancery court found that as of September 1963 appellant was $1,950 in arrearage, and rendered a judgment against

him in that amount. It also found him guilty of criminal contempt and sentenced him to thirty days in jail, holding that he had willfully, deliberately and maliciously failed to comply with the decree. This appeal is only from the criminal contempt aspect of the decree.

After careful consideration of the record, we conclude that the evidence is not sufficient to show beyond a reasonable doubt that appellant was guilty of criminal contempt. Miss. Code Ann. § 1278 (1956). Criminal contempt is punishment for a past offense, is quasi-criminal, and a defendant is presumed innocent until proved guilty beyond a reasonable doubt. The essence of the offense is that a defendant willfully, maliciously, and contumaciously has refused to comply with a decree of the court. The petition set forth no special elements of contumacy on the part of appellant. Ramsay v. Ramsay, 125 Miss. 715, 88 So. 280 (1921). The evidence is not sufficient beyond a reasonable doubt to show that appellant deliberately and contumaciously intended to defy the power and dignity of the court, so as to justify imprisonment for a criminal contempt. Evans v. Evans, 193 Miss. 468, 9 So. 2d 641 (1942); cf. Sappington v. Sappington, 245 Miss. 260, 147 So. 2d 494 (1962); Griffith, Mississippi Chancery Practice §§ 665-670 (2d ed. 1950).

The only aspect of the decree which is appealed from is the conviction of appellant for criminal contempt. In that respect, the decree is reversed in part, and judgment rendered here discharging appellant from criminal contempt.

Reversed in part, and appellant discharged from criminal contempt.

*Gillespie, Brady, Patterson and Inzer, JJ.,* concur.