Donald D. ADAMS, Petitioner,

v.

Honorable A. J. BRAGINTON, Judge, District Court of Iowa In and For Carroll County, Iowa, Respondent.

No. 52272.

Supreme Court of Iowa.

June 11, 1968.

Harold G. DeKay, Atlantic, for petitioner.

Edward S. White, Carroll, for respondent.

LARSON, Justice.

On May 26, 1966, Donald D. Adams, plaintiff in a divorce proceeding brought in Carroll County, Iowa, against his wife, Betty Delores Adams, filed a petition for a writ of certiorari in this court alleging the trial court exceeded its jurisidiction and acted illegally in finding him in contempt of court and in sentencing him to six months in jail for failure to make child support payments as ordered under the following circumstances:

"(a) On or about the 8th day of January, 1965, this court entered an order in the equity action of Donald D. Adams, plaintiff, vs. Betty Delores Adams, defendant, Equity No. 21180, in the docket of the District Court of Iowa, in and for Carroll County, identified as Statement, Finding and Order. That basically, the said Order recited that the plaintiff filed a petition of divorce on 14 June 1962 and that original notice with petition attached was served upon his wife, Betty Delores Adams, in Nevada, on 19 June 1962. That at the time of the filing of the petition for divorce, there were four children. That on 23 August 1962 the defendant filed an answer alleging that she had filed suit for divorce in Nevada, and later amended her answer on 31 October 1962 that she had been granted an absolute divorce in Nevada on 17 August 1962, and awarded the care, custody and control of three of the children of the parties. The action was submitted 14 January 1963, reopened on motion of the plaintiff on

23 January 1963, and a stipulation filed 13 February 1963 reciting that the defendant had left Carroll, Iowa, on 30 May 1962 and that the plaintiff, Donald D. Adams, had been served personally in Carroll, Iowa, on 26 July 1962 with a summons of his wife's suit for divorce filed in Nevada. Again, on 11 April 1962, the defendant filed her motion to reopen the action, setting forth the plaintiff, Donald D. Adams, had remarried, and that he was estopped from claiming that her divorce in Nevada was invalid. The court then stated that the question of custody of the children and certain rights to property were involved in this cause and on 15 September 1964, it recites that counsel for both parties entered a stipulation and asked the court to make a determination. The court, in its findings, then found that it had jurisdiction to determine the validity of the divorce decree granted by the State of Nevada on 17 August 1962, and property rights of the parties within the State of Iowa, and to enter an appropriate order determining the matter of support, the amount of support payments to be made by the plaintiff in connection with the children. The court found that the remarriage of the plaintiff denied him the opportunity to contest the validity of the Nevada divorce, that three of the children were and are outside the control of the State of Iowa, and that one of the children was residing with the plaintiff, and then determined the care, custody and control of all of the children and support of all of the children. The plaintiff was awarded title to property in Iowa, and counsel fees were awarded to the attorneys for the wife and to the attorneys for the husband, that is, $400.00 as attorney's fees to the former wife, and $200.00 as attorney's fees for the attorney for plaintiff. The court also entered an amount for child support in the amount of $50.00 a month. * * *"

On June 3, 1966, this court ordered that a writ issue "for the purpose of reviewing an order of respondent entered on May 2, 1966, ordering petitioner confined in the Carroll County jail for a period of six months" and directing the respondent judge to make a return to the Clerk of the Supreme Court on or before the 5th day of July 1966. This order further provided that "Unless otherwise ordered, the return shall constitute the record and the procedure after the return has been filed shall be substantially that provided for the submission of appeals in civil cases." A bond in the sum of $500.00 was furnished staying the execution of the sentence until our decision is rendered.

No adequate reason appears for the long delays both prior and subsequent to the issuance of our writ.

Plaintiff's original divorce suit was commenced in June of 1962. Defendant answered on August 23, 1962, denied plaintiff's allegations, alleged grounds of her own for divorce, and asked for the care and custody of the children and equitable support provisions in the event a divorce was granted. She amended her answer in October 1962 to allege that she had obtained a Nevada divorce from plaintiff on August 17, 1962, and had been granted custody of the three children then with her.

From the return filed herein it appears the Carroll County action was submitted on January 14, 1963, a motion to reopen filed January 14, 1963, was granted January 23, 1963, and on February 13, 1963, additional testimony was accepted by stipulation relating to defendant's Nevada divorce proceedings and decree. On February 16, 1963, plaintiff remarried, and on September 15, 1964, pursuant to another stipulation, a further hearing was had and the case resubmitted to the court. On January 8, 1965, the trial court entered the controversial order and judgment finding it had jurisdiction of the parties and subject matter of the cause and holding that it could determine the validity of the Nevada divorce, the property rights of the parties, and the right to and amount of child support payments. It found plaintiff was not entitled to question the Nevada divorce due to his remarriage, awarded title to the property in Iowa to plaintiff, and gave to him the

care, custody and control of one child then living with him. It also awarded the care, custody and control of the remaining three children to defendant and fixed the child support payments to her at $50.00 a month and attorney fees to defendant's attorney in the sum of $400.00.

On January 18, 1965, plaintiff filed his motion to set aside the decree or in the alternative to grant a new trial, based upon the contention that (1) there was no evidence before the court upon which an allowance for child support could be determined, (2) attorney fees were not allowable because, in effect, this was a modification of an existing divorce decree, and (3) the court exceeded its jurisdiction in all respects except in its power to determine the validity of the Nevada divorce. On January 6, 1966, the court overruled this motion in a written "Statement" and "Findings", which found that the child support payments were agreed to by counsel in chambers, and that, from the evidence as to the children's needs and the plaintiff's occupation and position, they were proper. It also stated the amount of the attorney fees had been agreed to by counsel, which included attorney fees for plaintiff's counsel, and that the assertions made by plaintiff which did not allude to his subsequent remarriage lacked good faith. There was no appeal from this judgment, and time for appeal is long past.

On February 18, 1966, defendant filed her affidavit and application for rule to show cause, due to the plaintiff's failure to make payments required by the prior orders of the court, and plaintiff was ordered to appear before the court on February 28, 1966, at 10 A.M. He did not appear although personally served, and on May 2, 1966, the court adjudged him in contempt of court and sentenced him to jail for a period of six months, with the proviso that in the event during said period he "shall make the payments due from him under the provisions of said court order of January 8, 1965, he shall be released * * *."

Plaintiff's application for a writ followed and, when granted, he was released on bond.

On January 3, 1968, respondent filed a motion to dismiss the petition for a writ of certiorari, based on an alleged failure of petitioner to proceed subsequent to the return. On February 5, 1968, petitioner filed his resistance thereto alleging respondent's failure to file a proper or complete return on June 28, 1966. On the same day this court entered an order denying respondent's motion but setting a time for the filing of briefs and arguments in the matter. Apparently petitioner substantially complied with this order. However, no brief or argument was presented on behalf of respondent.

■ I. In a certiorari proceeding the petitioner has the burden of showing that respondent has exceeded his "proper jurisdiction or otherwise acted illegally." Johnson v. Levis, 240 Iowa 806, 808, 38 N.W.2d 115, 116; Rule 306, R.C.P.

■ Petitioner's first complaint relates to the sufficiency of respondent's return. Although the return filed, such as it is, is no model of clarity, petitioner took no timely exception to it in this court, and we are not disposed to sustain the writ on that basis. We hold, in the absence of petitioner's request for more information, that it was sufficient.

II. The vital issue raised by petitioner herein is whether the court's order as to child support and attorney fees rendered herein was enforceable by contempt proceedings.

As we understand petitioner's contention, he claims the court did not and could not proceed under chapter 598 when it recognized the prior Nevada divorce and plaintiff's inability to contest the validity of that divorce by remarriage. He contends, even if the court's proceedings thereafter resulted in a judgment such as that provided in section 626.1, the special remedy of contempt is not available to enforce such a judgment, citing Johnson v. Levis, supra,

240 Iowa 806, 38 N.W.2d 115, Porter v. Porter, 190 Iowa 1126, 181 N.W. 393, Mollring v. Mollring, 184 Iowa 464, 167 N.W. 524, and if the contempt provisions of section 598.15 are not available, his citation and sentence for failure to satisfy the judgment were in excess of the court's jurisdiction. Under the circumstances revealed by this record we must agree.

 III. A close examination of the record is necessary to determine whether a proceeding in equity is decided under chapter 598, a statute specially relating to divorce and annulment, or under some other general equity power of the court. It is fairly well established in this jurisdiction that by enacting chapter 598 the legislature intended no adjudication of custodial, support, or property rights thereunder in the absence of a legal separation. Mollring v. Mollring, supra; Johnson v. Levis, supra; Porter v. Porter, supra. No legal separation was decreed here. It is also well settled that such equitable relief, when rendered under some other statute or by the court's inherent power, is not a jurisdictional defect, and the judgment may be enforced as a money judgment or as provided under the statute involved. See dissent in Johnson v. Levis, supra, and authorities cited.

 If, then, the judgment rendered herein as to child custody and support was rendered under chapter 598, it was in error and the court exceeded its jurisdiction in citing and punishing plaintiff for failure to pay the child support ordered. We are referred to no authority and have found none which would grant the court power to cite and punish for contempt when acting under its inherent power to order child custody and support in a proceeding between parents of minor children, except in chapter 598. We are satisfied the judgment rendered herein, if valid, was only a money judgment such as is found in section 626.1 of the 1962 Code, and the court erred in attempting to use the contempt provisions of section 598.15 to enforce that judgment.

IV. Although petitioner does not seriously contend the court had no jurisdiction to render a judgment as to child care, custody and support in general equity proceedings, it is clear no divorce or legal separation order was rendered in this suit. A careful examination of this record reveals this suit was commenced while the parties were man and wife, that each party alleged grounds for divorce and asked child custody. Thereafter, before this suit was heard and determined, the defendant wife obtained a Nevada divorce and remarried. Before the final submission of this contested case, plaintiff, the petitioner herein, also remarried. The trial court was so advised.

We are satisfied under these circumstances the trial court's order of January 8, 1965, was valid and enforceable, but it entitled the parties to general equitable relief only and not to a divorce. It granted defendant the relief asked in her answer and recognized the provisions of the Nevada divorce. The court pronounced the Nevada divorce valid and said the parties were no longer husband and wife. It did not dismiss the Iowa suit, but apparently considered it a petition in equity asking equitable relief as to child custody, child support, and property rights. So interpreted, this case does not fall under the rule laid down in Johnson v. Levis, supra, but under the pleadings and proceedings here the court could and did enter an order as to custody and support of minor children even though no divorce was granted. That this may be done in equity matters such as habeas corpus proceedings is not seriously questioned. For a good discussion of this power, see dissent in Johnson v. Levis, supra. It seems this is the situation where an order for support and custody is entered under chapter 252A of the Code or the inherent powers of a court of equity. Also see Mollring v. Mollring, supra, 184 Iowa 464, 167 N.W. 524.

We conclude the provisions of chapter 598 of the Code are inapplicable here, especially as to section 598.15 on contempt, and, in the court's attempt to enforce its

judgment by contempt proceedings, it acted in excess of its jurisdiction. In that view the trial court correctly granted a judgment for child support but erred in attempting to punish plaintiff for failure to comply with its judgment compelling him to pay $50.00 per month support money to defendant. The writ, therefore, must be sustained.

V. Petitioner's initial contention is that there was no evidence presented from which the court could base an allowance for child support. We do not agree. In the January 6, 1966, ruling denying plaintiff's motion to set aside the former judgment or grant a new trial, the court made reference to an agreement of counsel as to the amount of support for the three children and stated he found it a very minor contribution toward the needs of these three children in defendant's custody. Reference was also made to plaintiff's "occupation or position", which inferred his ability to meet those payments. In any event, since no appeal was taken, these findings of fact are conclusive. B-W Acceptance Corp. v. Saluri, 258 Iowa 489, 499, 139 N. W.2d 399, 405; Randolph Foods, Inc. v. McLaughlin, 253 Iowa 1258, 1279, 115 N. W.2d 868, 880.

VI. Petitioner complains of the court's order allowing and fixing the attorney fee for defendant's counsel. He contends these proceedings were, in effect, an effort to modify the existing Nevada divorce decree. We do not agree, but as to the amount of such fee we again refer to the trial court's finding that the attorney fees fixed by it were pursuant to an agreement by counsel in chambers. Certainly there was no abuse of the court's discretion in fixing defendant's attorney's fee herein, which is most modest. Rule 344(f) 7, R.C.P. There was no appeal taken from this judgment and it is final.

VII. Finally, the petitioner argues the decree of January 8, 1965, was invalid in all respects, except as to the validity of the Nevada divorce, as being in excess of the jurisdiction of the court. We have adequately disposed of this broad contention in Division II, holding the court did have jurisdiction to render a judgment as to child custody and support. Since petitioner chose certiorari rather than appeal to contest its validity, and since the trial court had jurisdiction to act herein, the judgment as to the equitable issues raised, considered, and not appealed, became final. Apparently the judgment was entered under section 626.1, or in the exercise of some other statutory authority or the inherent powers of a court of equity to establish parental responsibility for the care and custody of minor children. So considered, the judgment is valid and it is enforceable as such. As bearing on the validity of such proceedings, see sections 252A.3, 252A.4, 252A.5(1), 252A.8 of the Code of 1966; Davis v. Davis, 246 Iowa 262, 67 N.W.2d 566; Moore v. Moore, 252 Iowa 404, 107 N.W.2d 97; 67 C.J.S. Parent and Child §§ 15, 20; 42 C.J.S. Husband and Wife §§ 630, 638, 646, et seq. As indicated in Division II, this is the only reasonable interpretation of the trial court's decree herein. True, this action was filed under chapter 598, but after it was evident no decree of separation was proper, the parties tried and submitted the other issue to the court, and the court decided the matter as a suit in equity for specific relief. The legal separation prayed for was acknowledged and the rights of the parties to child custody and support inter alia were decreed. To this extent petitioner failed to show that the trial court exceeded its broad equity jurisdiction.

In any event, it is clear the court did exceed its power and authority in ordering petitioner imprisoned for a term of six months even if it was acting under chapter 598. Section 598.15 of the Code provides: "If any party against whom such decree has been entered, shall willfully disobey the same, or secrete his property, he may be cited and punished by the court for contempt and be committed to the county jail

for a period of time not to exceed thirty days for each offense."

Respondent filed no brief or argument in this matter and we are not advised as to the theory or assumed authority under which the trial court acted in holding these contempt proceedings and in sentencing the plaintiff for failure to pay the judgment rendered. Having found no such authority, we must sustain the writ.

Writ sustained.

All Justices concur.