336 So.2d 1315 (1976)
John T. RHODES
v.
Betty J. RHODES.
No. 48957.
Supreme Court of Mississippi.
September 14, 1976.
*1316 Brown & Stanfield, Jackson, for appellant.
O.B. Triplett, Jr., Thomas D. Lee, Forest, for appellee.
Before PATTERSON, P.J., SUGG and WALKER, JJ., and COFER, Commissioner.
KERMIT COFER, Commissioner, for the Court:[1]
This is an appeal from the Chancery Court of Scott County.
In a decree awarding a divorce to appellee, appellant was required to pay child support and a solicitor fee, and appellee was awarded the use of the parties' home belonging to appellant. Appellee filed a petition for contempt citation for appellant's failure to pay the solicitor fee and for modification of the decree to increase the child support because of material changes in circumstances. This appeal is from the decree entered on the latter petition.
The chancellor adjudged appellant to be in contempt of court for failure to pay the solicitor fee. Between the announcement of that finding and entry of decree on the issues, appellant paid the fee and the chancellor purposely withheld order thereon in his decree.
Viewing, by misdirection, that the finding was of criminal contempt, Evans v. Evans, 193 Miss. 468, 9 So.2d 641 (1942), appellant has assigned as error the adjudication. Having paid the amount which he had been ordered to pay, and it being a civil contempt adjudication, Masonite Corporation v. International Woodworkers of America et al., 206 So.2d 171 (Miss. 1967), the error, if any, in the chancellor's holding has become moot and decision by this Court would be an exercise in academics. Ford et al. v. Miss. Power Company, 289 So.2d 694 (Miss. 1974) and Insured Savings and Loan Association et al. v. State, etc., 242 Miss. 547, 555, 135 So.2d 703 (1961).
Appellant assigned as error the allowance to appellee of monthly alimony. She had prayed alimony in her original bill, and was allowed the use of the home, which is in the nature of continuing alimony payable by the month. Savell v. Savell, 290 So.2d 621 (Miss. 1974). In her modification petition, she only prayed adjustment of child support warranted by material changes in circumstances, and did not pray for alimony, nor does it appear from the proof that she was seeking support for herself. Appellant contends that he was taken by surprise and was denied opportunity to meet a claim for alimony. Due process required that he be given notice of the claim, which notice he did not have. The decision in Wansley v. Schmidt, 186 So.2d 462 (Miss. 1966), is controlling here, and requires reversal of the lower court for this error.
Several other errors were assigned but they are not well taken.
The cause is, therefore, reversed as to the allowance of alimony, without prejudice to the parties with respect thereto, and is affirmed in all other respects.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.
LEE, J., took no part.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.