Donald D. LAMB, Plaintiff,

v.

Judge William R. EADS and Iowa District Court for Tama County, Defendants.

No. 83–382.

Supreme Court of Iowa.

April 11, 1984.

Rehearing Denied May 10, 1984.

831

Charles L. Harrington, Appellate Defender, and Raymond E. Rogers, Asst. Appellate Defender, for plaintiff.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., and Stephen C. Robinson, Asst. Atty. Gen., for defendants.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, LARSON, and CARTER, JJ.

UHLENHOPP, Justice.

In this original certiorari proceeding plaintiff Donald D. Lamb challenges the constitutionality of a district court order holding him in contempt, requiring his incarceration, and withholding mittimus on condition.

In 1976 the district court dissolved the marriage of Donald D. and Carol J. Lamb, granted Carol custody of the parties' four children, and required Donald to pay Carol child support of $300 per month through the clerk's office. Donald did not pay the support and in February 1983 was in arrears in the sum of $11,583.35.

The Child Support Recovery Unit applied to the district court for a rule requiring Donald to show cause why he should not be found in contempt for failing to pay the support. The court issued a rule for Donald to show cause. Upon a showing of Donald's indigency, the court appointed counsel to represent him.

A hearing was held on March 17, 1983, on the rule to show cause. The recovery unit introduced a certified copy of the clerk's record showing the arrearage of $11,583.35. The court offered Donald the opportunity to show why he had not paid the child support. The record then recites:

Mr. Havlik [Donald's attorney]: Your, Honor, my client advises me he does not wish to take the stand.

. . .

The Court: Mr. Havlik, I again offer Mr. Lamb the opportunity to purge himself and give me an explanation, if he wishes.

Mr. Lamb: I feel it would be against my Fifth Amendment right to self-incriminate, Your Honor. I refuse to take the stand.

The court thereupon held, on proof of the arrearage and in the absence of an explanation, that Donald's failure to pay the support was willful and that Donald was in contempt. The court sentenced him to jail for thirty days, but allowed him to purge himself by paying $75 child support plus $25 on the arrearage, weekly, failing which mittimus should issue in the absence of a lawful explanation. Donald then initiated this certiorari proceeding challenging the court's holding, and the district court again provided him with counsel.

Donald advances four propositions in this proceeding but the first and third are interrelated and may be considered together and the second and fourth may similarly be considered simultaneously.

I. Contempt based on failure to pay child support requires that the failure be willful. Iowa Code § 598.23 (1983). Donald contends in his first and third propositions that the district court erred in placing the burden on him regarding the issue of willfulness and in finding willfulness in the absence of substantial evidence.

■ The general rule holds that an applicant for a contempt citation establishes a prima facie case by proving the duty which is on the contemner and the contemner's failure to perform the duty. The contemner then has the burden of showing he could not perform the duty, if he relies on that ground. *Wilson v. Fenton*, 312 N.W.2d 524, 527 (Iowa 1981) ("the alleged contemnor has the burden of proof on a defense of inability to comply"); *Foust v. Denato*, 175 N.W.2d 403, 405 (Iowa 1970) ("when the evidence clearly shows the order of court has been disobeyed, a party who seeks to purge himself of contempt by showing his inability to comply with the order of court has the burden to prove it"); 17 Am.Jur.2d *Contempt* § 51, at 54 (1964); 17 C.J.S. *Contempt* § 84(2), at 214 (1963). The principle that places the burden on the contemner to show that his default was not willful necessarily means that upon the contemner's failure to make the requisite showing the default may be found to be willful.

■ Donald argues that the burden of proof principle we have stated does not apply to failure to pay child support, because such a contempt proceeding is criminal in nature and the burden is wholly on the applicant. We need not get into the civil-criminal contempt dichotomy, *see McNabb v. Osmundson*, 315 N.W.2d 9 (Iowa 1982), because courts squarely hold the stated burden of proof principle applies in alimony and child support proceedings. *Hopp v. Hopp*, 279 Minn. 170, 175, 156 N.W.2d 212, 217 (1968) (nonpayment of alimony and child support—"the burden of proving inability should be on the defendant"); *Hodous v. Hodous*, 76 N.D. 392, 401, 36 N.W.2d 554, 559–60 (1949) (alimony and suit money—"In this case the defendant freely admitted his default. The burden was therefore upon him to establish his defense and show his inability to comply with the order."); *Balaam v. Balaam*, 52 Wis.2d 20, 30, 187 N.W.2d 867, 872 (1971) (temporary alimony—"In a contempt proceeding the burden of proof is on the person against whom the contempt is charged to show his conduct was not contemptuous.").

We do not find merit in Donald's first and third propositions.

II. In his second and fourth propositions, Donald asserts constitutional challenges: inferring willfulness from his failure to show he could not pay causes him to incriminate himself by his silence, and ordering him incarcerated unless he makes future payments deprives him of due process and equal protection.

■ Donald's self-incrimination contention is exploded by *United States v. Rylander*, —— U.S. ——, 103 S.Ct. 1548, 75 L.Ed.2d 521, *reh. denied*, —— U.S. ——, 103 S.Ct. 2466, 77 L.Ed.2d 1342 (1983). Donald had the burden of proving inability to pay, if that was his defense. If he did not wish to testify, the onus was on him to establish the inability by other evidence. He could not use his claim of privilege not to testify as somehow affirmatively establishing inability to pay the support. That is the point decided in *Rylander*, a contempt case which involved the interplay of the burden of proof requirement and the privilege against self incrimination. The federal court of appeals had held that Rylander could in effect establish his defense by asserting the fifth amendment, but the United States Supreme Court stated:

[W]e think the view of the Court of Appeals would convert the privilege from the shield against compulsory self-incrimination which it was intended to be into a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his. None of our cases support this view.

. . .

The fact that his refusal to come forward with such evidence was accompanied by a claim of Fifth Amendment privilege may be an adequate reason for the court not compelling him to respond to cross-examination at the contempt hearing, but the claim of privilege is not a substitute for relevant evidence.

*Id.* at ——, 103 S.Ct. at 1552–54, 75 L.Ed.2d at 528–31.

■ As to Donald's due process and equal protection arguments, we do not take stock in his initial implication that appointment of counsel for him in the contempt and certiorari proceedings demonstrated his inability to pay support. His current inability to retain counsel does not explain his failure to pay support over the past six-year period. In addition, the standards of indigency are not identical in the retention of counsel and the child support situations.

■ On the merits of Donald's due process and equal protection arguments we must distinguish contempt for failure to make the payments during the six years in the past from possible failure to make the current payments ordered by the court. If Donald flouted the dissolution decree in some or all of the six years, he could be held in contempt for that conduct although he might presently be unable to pay support. *McNabb,* 315 N.W.2d at 15 ("a willful contempt in not paying past installments of child support provided in a valid decree, shown by clear and convincing evidence, may stand despite ... the present inability of the contemner, through indigency, to make payment"). If Donald was unable to pay during the six years, he had the burden to show the inability. When he failed to make such a showing the district court constitutionally found him in contempt as to past installments. He had counsel in that proceeding, and both his procedural and substantive constitutional rights were observed.

■ Upon finding Donald in contempt for past conduct, the district court could have incarcerated him. Iowa Code § 598.-23. Instead, the court gave him the opportunity to purge himself of the adjudicated contempt by thereafter making payments. If claim is hereafter made that Donald failed to make some or all of those payments, he must be given "the opportunity to show either that the prescribed conditions had been fulfilled or that he made a bona fide effort to pay but through no

fault of his own was unable to comply with the conditional orders." Moreover, in case of a bona fide effort "the district court also must consider alternative procedure dispositions other than imprisonment." *Greene v. District Court of Polk County,* 342 N.W.2d 818, 821 (Iowa 1983), applying *Bearden v. Georgia,* —— U.S. ——, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). This case has not yet reached that stage, and we will not now presume that the district court will not observe Donald's constitutional rights in the future should contempt proceedings be instituted for nonpayment of all or some of the current installments.

We do not uphold Donald's second and fourth propositions. The challenged order of the district court is valid.

WRIT ANNULLED.