Donald GIMZO, Plaintiff,

v.

IOWA DISTRICT COURT FOR HARDIN COUNTY, Defendant.

No. 96–1159.

Court of Appeals of Iowa.

Feb. 26, 1997.

Raymond L. Reel of Fairall, Fairall, Kaplan, Hoglan, Condon & Klaessy, Marshalltown, for Plaintiff.

James Beres of the Sween Law Office, Eldora, for Defendant.

Heard by SACKETT, P.J., and CADY and STREIT, JJ.

SACKETT, Presiding Judge.

Plaintiff Donald Gimzo was held in contempt by the district court for failing to pay child support. He filed a notice of appeal. He contends (1) there was insufficient evidence to prove beyond a reasonable doubt he willfully disobeyed a court order; and (2) the district court exceeded its authority by ordering he be held in jail until he posted a bond against the child support arrearage and until he posted cash or an acceptable surety

to secure the payment of future child support.

Plaintiff seeks review of the district court's action by an appeal rather than certiorari as required by Iowa Code section 665.11. Iowa Rule of Appellate Procedure 304 provides the case will proceed as though the proper form of review had been sought. We consider the notice of appeal as a petition for writ certiorari and grant the petition. The writ is sustained in part and annulled in part.

The marriage of Becky and Donald Gimzo was dissolved in 1989. Physical care of the four children of the marriage was awarded to Becky. Donald was ordered to pay temporary child support during the pendency of the action, and the final decree ordered he pay $308.79 a month child support.

Becky filed an application for rule to show cause on March 1, 1996 alleging Donald had willfully failed to pay child support and should be held in contempt. Hearing on the application was set for March 25, 1996. Donald was personally served in Hardin County with the application and notice of hearing on March 11. There was a blizzard on March 25; court could not convene. On March 27 an attorney appeared for Donald and the hearing was continued to April 22. The hearing was again continued to May 28, 1996.

Attorneys for both parties appeared at the May 28 contempt hearing. Neither Becky nor Donald were present. Donald's attorney told the court Donald was aware of the hearing date but could not attend because his job as a truck driver found him on the west coast that day. The only evidence offered was an "Affidavit of Arrears" prepared by a support recovery officer with the Child Support Recovery Unit of the Iowa Department of Human Services. The affidavit showed Donald owed child support of $25,057.07. Donald's attorney objected to the admission of the affidavit contending it was hearsay. The court reserved ruling on the objection.

On May 31, 1996, the district court filed findings of fact, conclusions of law, and a judgment entry finding Donald in contempt. It concluded the affidavit was admissible under Iowa Rule of Evidence 803(8) and Iowa Code section 622.43 (1995).

The court found, other than $910.97 paid by seizing Donald's state and federal income tax refunds, Donald had paid no child support payments since June 1989. The court concluded the evidence showed beyond a reasonable doubt Donald willfully failed to comply with the court's orders directing him to pay child support. The court ordered Donald be confined to the county jail for thirty days. Absent other arrangements with the sheriff, Donald was to report to the Hardin County Sheriff's Office no later than 4:30 p.m. Friday, June 7, 1996, to begin serving the thirty-day term. The court further ordered:

> Mr. Gimzo shall be retained in the county jail after completing the thirty (30) days' jail service implemented above until such time as he pays to the Clerk of Court the sum of $1000 cash against the arrearage and also until he executes a wage assignment to be prepared by his counsel which adequately and appropriately, under law, notifies Mr. Gimzo's employer of the responsibility for withholding income. The wage assignment shall consist of the recurring monthly amount of $308.79, plus an additional $125 monthly to apply against the arrearage. If Mr. Gimzo is self-employed, said assignment of wages will not be necessary. However, to secure his release from custody, Mr. Gimzo shall post with the Clerk of Court to secure future payment of his child support obligation cash or acceptable surety in the amount of $5,205.48 (one year's regular support plus twelve arrearage payments).

Donald argues there was insufficient evidence to prove beyond a reasonable doubt that he willfully disobeyed a court order. He contends the affidavit alone does not prove he willfully violated a court order. He submits mere evidence of nonpayment of support does not by itself prove his conduct was willful. He claims Becky had the burden of establishing the willfulness of his conduct and that requires something more than merely demonstrating a violation of the court order had occurred.

When we review a ruling of contempt by certiorari, we determine whether substantial evidence supports the district

court's judgment. *Ervin v. Iowa Dist. Court for Webster County*, 495 N.W.2d 742, 744 (Iowa 1993); *Palmer College of Chiropractic v. Iowa Dist. Court for Scott County*, 412 N.W.2d 617, 619 (Iowa 1987). There must be proof beyond a reasonable doubt to establish a finding of contempt. *Ervin*, 495 N.W.2d at 744–45. Substantial evidence sufficient to support such a finding is such evidence as could convince a rational trier of fact Donald is guilty of contempt beyond a reasonable doubt. *Id.; Palmer College*, 412 N.W.2d at 619; *see Phillips v. Iowa Dist. Court for Johnson County*, 380 N.W.2d 706, 709 (Iowa 1986). The district court's conclusions of law do not bind us and we exercise unfettered review of the court's application of the law. *State v. Lipcamon*, 483 N.W.2d 605, 606–07 (Iowa 1992).

■ To find Donald guilty of contempt, a court must find beyond a reasonable doubt that he willfully violated a court order or decree. Iowa Code § 598.23; *Phillips*, 380 N.W.2d at 709. Becky has the burden to demonstrate Donald had a duty to obey a court order and failed to perform the duty. *Skinner v. Ruigh*, 351 N.W.2d 182, 185 (Iowa 1984). The burden then shifts to Donald to produce evidence which suggests he did not willfully violate the order or decree. *Id.* Yet, the burden of persuasion remains on Becky to prove beyond a reasonable doubt that Donald willfully acted in violation of the court order. *Ervin*, 495 N.W.2d at 745; *Skinner*, 351 N.W.2d at 185. Since the burden of persuasion remains on Becky, even though she made a prima facie case and Donald did not produce any evidence, the court must still analyze Becky's evidence to determine whether it establishes a willful violation beyond a reasonable doubt. *Skinner*, 351 N.W.2d at 185.

■ Evidence establishes willful disobedience if it demonstrates:

[C]onduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not.

*Ervin*, 495 N.W.2d at 744 (quoting *Amro v. Iowa Dist. Court for Story County*, 429

N.W.2d 135, 140 (Iowa 1988)). The law only requires Becky prove some of the violation was willful in order to establish contempt. *Ervin*, 495 N.W.2d at 744. The only defense available to Donald, other than absence of willfulness in disobeying the order, is indefiniteness or uncertainty of the order at issue. *Bevers v. Kilburg*, 326 N.W.2d 902, 904 (Iowa 1982).

■ The trial court was advised Donald was not present because his job took him away from the area. The fact he is employed shows some ability to pay. Becky has shown some of the violation was willful. The trial court did not err in finding him in contempt. *See In re Marriage of Jacobo*, 526 N.W.2d 859, 866 (Iowa 1995).

■ Donald next argues the district court exceeded its authority by ordering he be held in jail until he posted a bond against the child support arrearage and posted cash or an acceptable surety to secure the payment of future child support. He contends Iowa Code sections 665.4 and 598.23A(2) do not authorize a court to make posting a bond a condition for release from an incarceration for contempt. Donald submits it must be demonstrated he had the power to post the bonds, cash, or surety before he can be jailed indefinitely. He argues the district court should have given him time to post a bond securing past and future support, and if he failed to do so the court should proceed with a separate contempt action before ordering further incarceration.

Iowa Code section 665.5 provides:

If the contempt consists in an omission to perform an act *which is yet in the power of the person to perform*, the person may be imprisoned until the person performs it. (Emphasis added.)

This record does not support a finding that Donald has the ability to post $1000 cash or that he has an employer with whom to file a wage assignment or that he can post $5205.48 in cash or acceptable surety. There being no showing it is within his power to perform the conditions for his release after the thirty-day sentence, the trial court exceeded its authority in providing Donald's

release from jail was contingent on these provisions.

We affirm that portion of the order finding Donald in contempt, sentencing him to thirty days in jail, ordering him to pay $1000 cash and execute a wage assignment or pay $5205.48 in cash or acceptable surety to assure future payments. We strike that portion that requires him to remain in jail after the thirty days.

Donald has filed an application for a stay pending disposition of this appeal. We deny the application.

**WRIT OF CERTIORARI SUSTAINED IN PART AND ANNULLED IN PART.**